UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. NEWTON, *Pro Se*, ) | Case No.: 1: 19 CV 2856 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CUYAHOGA COUNTY CORRECTION ) | |
| CENTER, ) | |
| ) | |
| ) | MEMORANDUM OF OPINION |
| Defendant ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Kenneth Newton, a detainee in the Cuyahoga County Corrections Center (CCCC, or "jail"), has filed an *in forma pauperis* civil rights complaint in this matter against CCCC. (Doc. No. 1.) In his Complaint, he complains of his treatment and conditions in the jail, including allegations that he has been assaulted and abused by "staff," refused medical care, and confined in isolation in poor conditions. He seeks damages and other relief. (*Id*. at 5.)

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required to review any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter,

accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies in evaluating a prisoner complaint under 28 U.S.C. § 1915A).

**Discussion**

Upon review, the court finds that the Plaintiff's Complaint must be dismissed under § 1915A.

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but in order to make out a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under color of state law violated his Constitutional rights. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002). The Plaintiff's Complaint does not set forth allegations connecting the unconstitutional conditions and misconduct he alleges to any individual state actor.

County jails themselves are not persons subject to suit under § 1983, and to the extent the Plaintiff seeks to hold Cuyahoga County liable for the treatment and conditions to which he alleges he is subjected at CCCC, he must demonstrate that a "policy or custom" of the County itself caused a violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). The Plaintiff's Complaint does set allege facts supporting a plausible policy claim against Cuyahoga County under *Monell*, and there is no vicarious liability under § 1983. In other words, "a governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs [a] wrongdoer." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 691). Therefore, even accepting the Plaintiff's

2

allegations of mistreatment by prison staff at CCCC as true, his Complaint is insufficient to support a plausible § 1983 claim against Cuyahoga County, the only Defendant in the case. *See id*. (stating that the "county is the appropriate party to address [a] suit" against a county jail).

## Conclusion

Accordingly, the Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 26, 2020